UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DeWAYNE DUNN,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 3:24-cv-00601 |
| CITY OF ELKHART, MICHAEL SIGSBEE,<br>DEAN MARKS, SCOTT WAGNER, VICKI<br>BECKER, in their individual capacities,<br>　　　Defendants. | )<br>)<br>)<br>)<br>) |

## DEFENDANT MICHAEL SIGSBEE'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

Comes now Defendant Michael Sigsbee, by counsel, Nicholas T. Otis of **NEWBY LEWIS KAMINSKI & JONES, LLP**, and files his Motion to Strike Portions of Plaintiff's Complaint (Dkt. 1) pursuant to Fed. R. Civ. P. 12(f), and in support states as follows:

1. Michael Sigsbee moves to strike Paragraphs 8 and 93 paragraphs from the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(f).

2. F.R.C.P. 12(f) provides, in relevant part,

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

3. Paragraphs 8 and 93 of Plaintiff's complaint allege he was exonerated and are referenced below:

> *8. Mr. Dunn spent more than 12 years incarcerated before he was **exonerated** in 2022.*
>
> *93. Mr. Dunn stands before this Court as Elkhart's sixth **exoneree**.*

Plaintiff's Complaint, Dkt. 1, ¶ 8, 93.

4. Mr. Dunn was not exonerated from his convictions in his state criminal case.

5. Mr. Dunn filed a habeas petition in federal court. *Dunn v. Warden*, 2020 U.S. Dist. LEXIS 243264 (N.D. Ind. Dec. 23, 2020).

6. The district court granted Mr. Dunn's habeas petition based on receiving ineffective assistance of counsel:

> It is trial counsel's alleged ineffectiveness in failing to consult an expert pathologist that is presently before me in this habeas corpus petition. And because I find that Dunn received ineffective assistance of counsel in the trial of his case, and but for his lawyer's subpar performance, there is a reasonable probability that he would have been acquitted, habeas relief will be granted.

*Id.*, at p. *1-2

7. Additionally, the district court's order stated:

> The State of Indiana may re-try Dewayne A. Dunn provided that it files appropriate documents to do so in the State trial court within 120 days of this Order.

*Id.*, at p. *43

8. The matter was affirmed by the Seventh Circuit Court of Appeals where the Court ruled, "we agree with the district court that Dunn sufficiently demonstrated ineffective assistance of counsel." *Dunn v. Neal*, 44 F.4th 696 (7th Cir. 2022).

9. On November 7, 2022, the Elkhart Circuit Court issued an order releasing Mr. Dunn from the Indiana State Prison consistent with the federal court ruling. The Elkhart Circuit Court made no findings regarding Mr. Dunn's criminal culpability.

10. No court has exonerated Mr. Dunn or found him "actually innocent" pursuant to IND. CODE § 5-2-23-2[1].

---

[1] IND. CODE § 5-2-23-2 (a) As used in this chapter, "actually innocent" means, with

11. Additionally, Mr. Dunn has not been pardoned by the Indiana Governor.

12. The sole basis for Mr. Dunn's habeas petition being granted was that he received ineffective assistance of counsel during his criminal trial.

13. The Court should strike from Plaintiff's Complaint any reference to exoneration as no court or government tribunal has exonerated Mr. Dunn.

14. Further, Plaintiff's allegation that he has been exonerated by the post-conviction courts implies that the post-conviction courts found that the Defendants engaged in nefarious conduct when the PC courts made no such ruling or finding.

WHEREFORE, Defendant Michael Sigsbee requests this Court to strike Paragraphs 8 and 93 of Plaintiff's Complaint because those paragraphs misstate the factual basis for Mr. Dunn's post-conviction relief and are not supported by the record of court proceedings.

**NEWBY LEWIS KAMINSKI & JONES, LLP**

By:  /s/ Nicholas T. Otis
Nicholas T. Otis, #27992-64
916 Lincolnway
LaPorte, IN 46350
Telephone: (219) 362-1577
Fax: (219) 362-2106
ntotis@nlkj.com
Attorney for Michael Sigsbee

---

respect to a particular offense, that a person: **(1)** did not commit the offense; and **(2)** did not: **(A)** commit; **(B)** take part in; or **(C)** plan, prepare for, or participate in the planning or preparation of; any other criminal act in connection with that offense. The mere fact that the trier of fact acquitted or did not convict the person on remand is insufficient, standing alone, to establish that the person is actually innocent.