IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DeWAYNE DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00601-CCB-SJF |
| | ) |
| CITY OF ELKHART, | ) |
| MICHAEL SIGSBEE, | ) |
| DEAN MARKS, | ) |
| SCOTT WAGNER, | ) |
| VICKI E. BECKER, in their individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT SCOTT WAGNER, M.D.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Scott Wagner, M.D. ("Dr. Wagner"), by counsel, Barrett McNagny LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files his Reply Memorandum in Support of Motion to Dismiss as follows:

**A. Dr. Wagner is entitled to qualified immunity and dismissal of this case because Mr. Dunn's complaint contains theories and legal conclusions, not facts.**

The spirit of Mr. Dunn's response is that his complaint is sufficient to survive a motion to dismiss. He claims that the moving defendants have unfairly repleaded his allegations to support their motion to dismiss. But Mr. Dunn's complaint contains no actual facts—it is a theory of fault with no evidence of fault.

Mr. Dunn's complaint fails to meet the standard of Rule 8(a)(2), which was explained best in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> Two working principles underlie our decision in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)]. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

Mr. Dunn's complaint manages to identify a theory of wrongdoing against Dr. Wagner but provides no facts related to Dr. Wagner. For that reason, his complaint is not sufficient to sustain his case.

Dr. Wagner further invokes the arguments contained in the reply brief on behalf of Defendant Becker and Defendant Marks, as they are similarly situated on this issue.

### B. Dr. Wagner is entitled to the protections of the Medical Malpractice Act.

Dr. Wagner exercised his professional expertise in evaluating the cause of death of Angel Torres. Mr. Dunn has alleged that Dr. Wagner's findings were not medically sound. That allegation, even when thinly veiled by a federal cause of action, must be reviewed by Dr. Wagner's peers, in accordance with Indiana's Medical Malpractice Act, before it can be litigated.

Mr. Dunn's response argues that he has pleaded his way out of the procedural mandates of Indiana's Medical Malpractice Act. But to support his arguments he has only

the orders from three federal district courts. Those orders are not binding on this Court, are not analogous, and are unpersuasive. *Smith v. State of Indiana* was pleaded as an alleged violation of the Americans with Disabilities Act, and the *Smith* court relied on prior findings that claims brought under Title II of the ADA do not require exhaustion of administrative remedies. 904 F. Supp. 877, 879-80 (N.D. Ind. 1995). The court in *Estate of Rice v. Correctional Medical Services* actually honored the procedural mandates of Indiana's Medical Malpractice Act and entered no order inconsistent with that statute. 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009). And *Villegas v. Hancock Regional Hospital* was pleaded as a violation of the Federal Nursing Home Reform Act, and the *Villegas* court relied singularly on the *Smith* order to find that the plaintiff need not comply with the Medical Malpractice Act, which we already have distinguished. 2024 WL 4581170, at *3.

Furthermore, our Seventh Circuit Court of Appeals has openly acknowledged the authority of Indiana's Medical Malpractice Act and held that the medical review panel requirement is a substantive feature of the statute and that the requirements of Indiana's Medical Malpractice Act must be enforced in federal court. *Thompson v. Cope*, 900 F.3d 414, 424 (7th Cir. 2018). The *Thompson* court further supports the conclusion that Mr. Dunn's claims sound in medical negligence and are subject to the Act, explaining:

> Our reasoning is consistent with Indiana courts' approach to these statutory questions. To determine whether a claim is for malpractice, Indiana courts analyze its substance, not its label. Regardless of labels, claims that boil down to a question of whether a given course of treatment was medically proper and within the appropriate standard are the quintessence of a malpractice case. By contrast, to fall outside the Malpractice Act a health care provider's actions must be demonstrably unrelated to the promotion of the plaintiff's health or an exercise of the provider's professional expertise, skill, or judgment.

*Id*. at 427 (internal citations and quotations omitted).

At its core, Mr. Dunn's complaint against Dr. Wagner is that his autopsy did not result in a credible finding. That is a question of professional negligence and subject to Indiana's Medical Malpractice Act.

**C.    Dr. Wagner is immune from liability pursuant to Indiana Code section 36-2-14-13.**

We see no attempt by Mr. Dunn to respond to this argument in his response brief.

> Respectfully submitted,
>
> BARRETT MCNAGNY LLP
>
> */s/Benjamin D. Ice*
> Benjamin D. Ice, #23015-53
> 215 East Berry Street
> Fort Wayne, IN 46802
> Telephone: (260) 423-9551
> Fax: (260) 423-8920
> Email:  bdi@barrettlaw.com
>
> *Attorney for Defendant, Scott Wagner, M.D.*