UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

| | |
|---|---|
| DeWAYNE DUNN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-00601-CCB-SJF ) |
| CITY OF ELKHART, MICHAEL SIGSBEE, DEAN MARKS, SCOTT WAGNER, VICKI E. BECKER, in their individual capacities, | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S, VICKI E. BECKER'S AND DEAN MARKS',
REPLY IN SUPPORT OF MOTION TO DISMISS**

The Defendants, Vicki E. Becker ("Becker"), and Dean Marks ("Marks"), by counsel, Eichhorn & Eichhorn, LLP, submit the following reply memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Dunn's response claims that Becker and Marks engaged in a conspiracy to fabricate evidence because they knew Marks' and Wagner's opinions were false. (ECF 32, p. 3,8). His 20-page response repeats the word "fabricate" (in its various forms) 25 times and "conspiracy" 16 times. Yet, in those 20 pages, Dunn provides no factual or evidentiary basis for his claim. The Seventh Circuit has cautioned that such words "are not magic talismans… that give rise to a cognizable claim where one does not exist. Instead, we will look at the underlying facts of the claim." *Petty v. City of Chicago*, 754 F.3d 416, 423 (7th Cir. 2014).

As set forth in the defendants' motion to dismiss, the underlying facts Dunn pleaded provided no factual or evidentiary basis, the "who what, when, where, and how", that are necessary

1

to bring a fabrication or conspiracy claim. His response recounts the facts from his complaint as set forth in the motion to dismiss:

> Becker "enlisted" Dr. Wagner and Marks as expert witnesses. (ECF 1, ¶¶61,66). Dr. Wagner opined that Torres's death could not have been caused by a fall down the stairs, and the manner of death was homicide. (ECF 1, ¶¶63,64). And Marks gave the opinion that blood splatter from the scene was consistent with a bloody instrument having been swung or flung at Torres after he fell. (ECF 1, ¶67).

(ECF 32, p.8). Dunn's only response was that "the Complaint lays out in rich detail how the initial investigation did not reveal a homicide, but an accidental death, which Defendant Becker knew when she enlisted Defendants Marks and Wagner to fabricate the only 'evidence' against Plaintiff." (ECF 32, p. 9, citing ECF 1, ¶31-42; 54-55;60-61; 63-65; 67-71). But, he offers no factual basis for the "what, when, where, and how" that could establish Becker enlisting expert witnesses who provided opinions that were knowingly false or that Marks providing expert opinions were knowingly false.

Assuming all of the allegations in the complaint are true as we must for the purposes of the motion to dismiss, none of the paragraphs of the complaint Dunn references provide a factual or evidentiary basis that, if true, would demonstrate Becker or Marks fabricated evidence, engaged in a conspiracy, or knew that Marks' and Wagner's opinions were false. The fact that Dr. Chrenka conducted an autopsy and concluded the cause of death was undetermined or that the "non-defendant Elkhart Officers conducted the initial investigation" and "the officers believed that Mr. Torres' death was not the result of a homicide" (ECF 1, ¶40) does not establish that Becker "enlisted Defendant Wagner" (ECF 1, ¶61) and "enlisted Defendant. . . Marks"(ECF, ¶66) to provide opinions they knew were false or that Marks knew his opinion was false. (ECF, ¶68).

As the Seventh Circuit has stated, "[n]either shopping for a favorable witness nor hiring a practitioner of junk science is actionable, although it may lead to devastating cross-examination if

2

the judge permits the witness to testify." *Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir. 1994). "A person aggrieved by proposed expert testimony may ask the judge to exclude it, and may appeal from an adverse judgment, but may not collect damages from the lawyers who recruited the witness." *Id.* Adding the words "fabricate" and "conspiracy" to the allegations does not make enlisting an expert to provide a second opinion actionable. *Id.*

Of note, although this case is in its infancy, Dunn has had a substantial litigation history with the underlying facts and prosecution, including evidentiary hearings in his previous petitions for post-conviction relief and habeas corpus proceedings, which he references in his complaint. (ECF 1, ¶89-92). The Court may take judicial notice of these proceedings without converting this motion to dismiss into a summary judgment motion, since they are related matters of public record referenced in the complaint. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[t]he district court may also take judicial notice of matters of public record" without converting a 12(b)(6) motion into a motion for summary judgment"); *Est. of Brown v. Arc Music Grp.*, 523 F. App'x 407, 410 (7th Cir. 2013); *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion.") *citing Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017); *Ewell v. Toney*, 853 F.3d 911, 914, 917 (7th Cir. 2017).

As Judge Simon recounted in his opinion granting Dunn's petition for habeas relief due to the ineffective assistance of counsel, even the forensic pathologist Dunn eventually hired, Dr. Sozio, "testified that the autopsy conducted by Dr. Chrenka was substandard; he missed a lot." *Dunn v. Warden*, No. 3:18CV178-PPS/MGG, 2020 WL 13526316, at *5 (N.D. Ind. Dec. 23, 2020), *aff'd sub nom. Dunn v. Neal*, 44 F.4th 696 (7th Cir. 2022). "[Dr.] Chrenka was unwilling to opine on whether Torres died falling or by being struck by an instrument. And Chrenka only occasionally

does autopsies and he is not a forensic pathologist." *Id.* at 12. "Unlike Chrenka, Wagner is a well-qualified board certified forensic pathologist." *Id.* at 4.

Judge Simon concluded that Dunn received ineffective assistance of counsel because his attorney, "Williams admitted that he never consulted a pathologist or blood spatter expert. . . ." *Id.* at 6. Relying upon Dr. Chrenka "was unwise" and failure to consult with a forensic pathologist "was a monumental oversight." *Id.* at 12. Judge Simon's findings that Dunn's failure to enlist a forensic pathologist and blood spatter expert to review the evidence "was unwise" and "a monumental oversight" demonstrates that Becker's decision to do so was good lawyering; her decision to enlist experts who gave opinions provides no evidence of fabrication, conspiracy or known falsity. *Buckley*, at 796.

Dunn too enlisted an expert, Dr. Sozio, albeit belatedly. He too, offered differing opinions from Dr. Chrenka. Dunn has offered no evidence or factual allegations that Wagner or Marks did anything different than what Dr. Sozio did. Had Dunn enlisted Dr. Sozio before his trial, Judge Simon concluded that "there is a reasonable probability that the results of the trial would have been different." *Dunn*, at 14. But Dunn's failure to timely enlist expert witnesses does not make Becker's decision to do so actionable. Nor are the opinions of Dr. Wagner and Officer Marks any more actionable than the opinions of Dr. Sozio. Indeed, they are not. *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003). "No decision of the Supreme Court 'clearly establishes' that experts (or any other witnesses) must be right; the constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies. That a witness may give false or mistaken testimony therefore is not an independent constitutional violation." *Id.* at 625 *citing Herrera v. Collins*, 506 U.S. 390, 398–405, 113 S.Ct. 853, 122 L.Ed.2d

4

Dunn's response has not satisfied his burden of putting forth facts and evidence showing that Becker and Marks violated a clearly established Constitutional right. Therefore, qualified immunity requires that the case must be dismissed as to Becker and Marks. Dunn acknowledges that Becker and Marks correctly relied upon the Seventh Circuit's decision in *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003). 203 (1993). Dunn had the opportunity to cross examine both Marks and Wagner about their opinions at trial, which is all that the Constitution requires. *Id.*

Dunn attempts to differentiate *Buie*, claiming the "Defendants here conspired to subvert the adversary process entirely, concealing exculpatory evidence, fabricating evidence, and conspiring with the prosecutor to put on fabricated testimony." (ECF 32, p.16). But what is the exculpatory evidence he claims was concealed? What is the evidence he claims was fabricated? Dunn never tells us. He has not referenced any alleged facts in his complaint to support these provocative claims, nor has he set forth any facts in his response. "What the Constitution provides is assurance that evidence may be tested by cross-examination and by contrary proofs." *Id.* Whether a given expert witness overstated or misstated his conclusions is mete for cross-examination, and Dunn has not alleged that Becker or Marks impaired his ability to cross examine just how likely (or unlikely) their conclusions were. *Id.* (affirming finding of no due process violation).

Conclusion

Dunn has not satisfied his burden to allege facts that, if true, would establish a knowing violation of a clearly established constitutional right. Therefore, his claims against Becker and Marks must be dismissed with prejudice.

5

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: /s/ David J. Beach
    David J. Beach, #18531-45
    Carly A. Brandenburg, #27038-45
    Attorneys for the defendants,
    Vicki E. Becker and Officer Dean Marks

Eichhorn & Eichhorn, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
Phone: 219-931-0560
Fax: 219-931-5370
dbeach@eichhorn-law.com
cbrandenburg@eichhorn-law.com

**CERTIFICATE OF SERVICE**

I, David J. Beach, certify that on the 25th day of November, 2024, I served a copy of the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ David J. Beach
David J. Beach